CHIEF JUSTICE TURNAGE
dissenting.
¶40 I respectfully dissent from the majority decision to remand this case to the District Court for the purpose of determining if a meaningful retrospective competency hearing can be held.
¶41 The District Court, based on a report by Dr. Davis, concluded that defendant Bostwick was fit to proceed to trial. I agree with the District Court.
¶42 At the pretrial omnibus hearing, the defense represented that it would not rely upon a mental disease or defect defense, but that it would rely upon the defense of compulsion. The District Court determined that it was authorized by § 46-14-221, MCA, to make a decision based upon Dr. Davis’s report without a hearing, since neither party contested that report. Accordingly, the District Court concluded that the defendant was fit to proceed to trial. A review of the record in this *164 case, in my view, clearly establishes that the defendant was fit to proceed to trial, and the District Court did not err in so concluding.
¶43 During the early morning of May 11, 1996, Bostwick, after a prolonged period of drinking alcohol and with a blood alcohol content of .18 — nearly twice the legal limit establishing drunken driving — drove his vehicle around residential areas of Great Falls, Montana, where the speed limit was 25 miles per hour, in excess of a speed of 66 miles per hour as estimated by law enforcement personnel. Bostwick drove his vehicle into a power pole, knocking it down, and also into a parked vehicle. The force of the collision was so severe that it required rescue personnel to use the jaws of life to remove Bostwick and his two passengers, all of whom were severely injured, from the Bostwick vehicle.
¶44 Bostwick was charged with two counts of felony criminal endangerment and was found guilty of each count by a jury.
¶45 The trial transcript commencing at page 263 and ending at page 275 contains the direct examination, cross-examination, and redirect examination of Bostwick. On direct examination his counsel posed 42 questions. To each of those questions, Bostwick was very capable of recalling events and giving relevant answers. In his answers, he also was able to establish what would be his proposed defense of compulsion, intended to convince the jury that he was compelled by threats to get in his car and drive it in the manner that he did.
¶46 On cross-examination by the county attorney, 34 questions were posed to Bostwick. He could remember nothing and, therefore, was unable to respond to any of those questions.
¶47 I believe the record clearly establishes that Bostwick had a highly-selective memory and was able to use it when it was to his advantage.
¶48 The presentence report in this case demonstrates that Bostwick is no stranger to court proceedings. He has been convicted of two prior felonies and also of two prior driving while intoxicated charges.
¶49 Bostwick has had a fair trial, and this case should not be remanded for further proceedings. I dissent.